IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL T. REVERE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:15cv875-WKW |
| ) | (WO) |
| WANDA ROBINSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on state prisoner Michael T. Revere's ("Revere") amended complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Narcotics Agents*, 403 U.S. 388 (1971). Doc. No. 7. Although Revere's claims are vague and difficult to parse, he appears to seek jail credit on his state sentence and damages for pain and suffering allegedly caused by the various named defendants.

Under 28 U.S.C. § 1915A, this court must screen complaints filed by prisoners against a governmental entity or officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.[1]  While the former 28 U.S.C. § 1915(d) permitted the court to

---

[1] An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The legal standard for dismissing a complaint for failure to state a claim
(continued...)

dismiss claims *sua sponte* if the court found them frivolous or malicious, § 1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service of process.

The court has reviewed the allegations in Revere's amended complaint. From that review, the court concludes that dismissal prior to service of process is appropriate under 28 U.S.C. § 1915A.

## II. DISCUSSION

### A. Factual Allegations

Revere's allegations are notably short on specifics. He seems to assert that from about June 22, 2015, through September 7, 2015, he was placed in the federal holding pod in the Montgomery County Jail when he should have been in state custody at the jail and that his placement in federal custody resulted in his loss of jail credit on his state sentence. *See* Doc. No. 7 at 3-4. He names as defendants, Wanda Robinson (Director of the Montgomery County Jail), Donte Gordon (a United States Marshal "who was in charge of the federal inmates in Montgomery County Jail"), "Federal Attorney Donnie Bethel," and "State Attorney Michael James Perry." *Id*. According to Revere, Robinson "left me in the federal holding pod ... when I was supposed to be in state custody in the jail she directs" and Gordon "allowed me to stay there when I was supposed to be in state custody on or about

---

[1](...continued)
pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

6/22/15 - 9/7/15." *Id*. at 3. Revere alleges that Bethel (apparently Revere's attorney in a federal criminal case) "coerced me into making bond to change custody" (from state custody to federal custody) and "allowed" Robinson and Gordon to leave him in the "wrong custody." *Id*. Revere further alleges that Perry (apparently Revere's attorney in state criminal proceedings) assisted Bethel in coercing him to make bond "to get me in primary federal custody to run my time concurrent for sentencing and messed up my state sentencing/custody." *Id*. at 4. Revere asks this court to "compensate for lost time" as well as to compensate him for pain and suffering. Construing these vague allegations liberally, it appears, in light of his claim that the defendants "messed up [his] state sentencing/custody," that Revere seeks jail credit on his state sentence, as well as money damages.

**B.  Analysis**

The United States Supreme Court has recognized that prisoners have a liberty interest in the correct application of jail credit to their sentences. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995). However, the Supreme Court has also held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Instead, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the

literal terms of § 1983." *Heck*, 512 U.S. at 481 (citing *Preiser*, 411 U.S. at 488–90). Consequently, a § 1983 action is barred when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005); *Preiser*, 411 U.S. at 482.[2]

    Regardless of the relief sought, even if that relief includes money damages, if applying jail credit would necessarily result in shortening the term of a prisoner's confinement, habeas corpus is the appropriate remedy. *Preiser*, 411 U.S. at 477. Here, Revere's claims, including his claim for damages, are premised on the assumption he was improperly placed in federal custody instead of state custody for approximately two and a half months and, as a result, was deprived of jail credit to which he was entitled on his state sentence. To recover damages for the allegedly unlawful imprisonment, Revere "must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying ... sentence." *Muhammed v. Close*, 540 U.S. 749, 751 (2004). For Revere, success on his claim for damages based on an award of jail credit against his state sentence would necessarily "imply the unlawfulness of the State's custody" (*see Dotson*, 544

---

[2] While the case law cited herein refers to actions under 42 U.S.C. § 1983, the principles enunciated are equally applicable to Revere's claims under *Bivens v. Six Unknown Named Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* actions, although not precisely parallel, are the analog to actions pursuant to 42 U.S.C. § 1983, and the constitutional standard of review is the same for either type of action. *See Butz v. Economou*, 438 U.S. 478, 500 (1978). Thus, federal courts have "typically incorporated § 1983 law into *Bivens* actions." *Tavarez v. Reno*, 54 F.3d 109, 110 (2nd Cir. 1995).

4

U.S. at 81), require recalculation of his release eligibility date on his state sentence, and shorten his sentence by a specific number of days.  The court therefore finds, despite Revere's claim for damages, that relief in this case must be sought under the habeas corpus statutes.

In any event, as to all named defendants, Revere fails to state a claim with sufficient particularity for consideration of relief under § 1983 or *Bivens*.  The court can discern no viable constitutional claim in his amended complaint.  Complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating deprivation of rights, instead of general conclusions whose significance is not evident. *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987).  Revere asserts only vague and conclusory claims regarding the alleged violation of his constitutional rights stemming, purportedly, from his temporary placement in federal custody for his pending federal case when he made bond on his state case.  The facts he alleges are insufficient even to indicate that any of the named defendants acted unlawfully.  A complaint should be dismissed as insufficient where the allegations are vague and conclusory. *See Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984).

Finally, a liberal interpretation of Revere's threadbare allegations regarding attorneys Bethel and Perry suggests he is attempting to lay claims of ineffective assistance of counsel against the attorneys based on their strategy decision for him to make bond on his state case so he could be in federal custody, a strategy that according to Revere backfired and "messed

5

up" his state sentencing. Such a claim, however, states no cognizable basis for relief under § 1983 or *Bivens* because it fails to establish the required under-color-of-law element for § 1983 and *Bivens* claims. Whether retained or court-appointed, an attorney who serves as counsel for a defendant in a criminal proceeding does not act on behalf of the government but is instead the government's adversary and hence cannot be subjected to liability under § 1983 or *Bivens*. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 n.7, 323 n.13 (1981); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982); *Richards v. Flynn*, 263 F. App'x 496, 496 (7th Cir. 2008); *McLeod v. Knowles*, 189 F. App'x 297, 297 (5th Cir. 2006).

For the reasons indicated above, the instant action is subject to summary dismissal under 28 U.S.C. § 1915A.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915A(b)(1).

It is further ORDERED that the parties shall file any objections to this Recommendation or before August 30, 2016. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court

of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

      Done this 16th day of August, 2016.

                                      /s/ Wallace Capel, Jr.
                                 WALLACE CAPEL, JR.
                                 UNITED STATES MAGISTRATE JUDGE